**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**RICHARD L. JACKSON**                                                              **PLAINTIFF**

**VERSUS**                                                              **CIVIL ACTION NO. 2:09CV45-P-A**

**ALLSTATE INSURANCE COMPANY
and ALBERT E. PETTINATO**                                            **DEFENDANTS**

## **ORDER**

This cause is before the Court on defendant Pettinato's Motion to Dismiss [12]. The Court, having reviewed the motion, the response, the briefs of the parties, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

The current dispute arises from a Mississippi Deluxe Mobile Home Policy issued by Allstate Insurance Company to Richard L. Jackson.[1] Said policy was intended to cover a mobile home and certain personal property owned by plaintiff. The policy provided coverage for fire damage to detached structures and personal property. However, the policy limited the amount of coverage available for damages incurred to property used for business purposes.

On or about February 29, 2008, fire damages plaintiff's mobile home, a detached structure and personal property owned by the plaintiff. Following the fire, an Allstate adjuster determined that some of the personal property located in the detached structure was used for business purposes. In accordance with the policy limitation, Allstate tendered plaintiff an appropriate amount of indemnity for damages to the business property.

---

[1] The policy has been in effect since August 6, 1999.

Dissatisfied with the amount of indemnity paid under the policy, Jackson brought suit alleging that the agent who sold him the policy, Albert E. Pettinato, negligently misrepresented that the plaintiff's mobile home and personal property would be "fully covered"; and due to the representation, plaintiff was not paid the full cash value of the damaged personal property.[2]

Pettinato now seeks dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[3] Dismissal is appropriate if a party fails to state a claim under which relief can be granted. The allegations of the Complaint must be accepted as true when the Court considers whether the plaintiffs have stated a cause of action. See Cramer v. Skinner, 931 F.2d 1020 (5th Cir. 1991); cert. denied, 112 S. Ct. 298, 116 L.Ed.2d 242, 60 U.S.L.W. 3057 (1991). Only the complaint and the allegations contained therein are to be considered in reaching a decision on a defendant's Rule 12(b)(6) motion to dismiss. The complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her/his claims which would entitle him/her to relief.

A claim of negligent misrepresentation requires a false statement. Cockerham v. Kerr-McGee Chemical Corporation, 23 F.3d 101 (5th Cir. 1994); Levens v. Campbell, 733 So.2d 753 (Miss. 1999). In addition, a party claiming he was deceived due to negligent misrepresentation must plead and prove that his alleged reliance was reasonable or justified. See Skinner v. USAble Life, 200 F. Supp. 2d 636 (S.D. Miss. 2001). Under Mississippi law, a person is under an obligation to

---

[2] The Complaint also includes a breach of contract claim against Pettinato; however, insofar as Pettinato was not a party to the insurance contract, he cannot be held liable for a breach thereof. Rhodes v. State Farm Fire and Cas. Co., 2009 WL 563876 (S.D. Miss. 2009).

[3] Although the defendant included an affidavit in support of the instant motion, the Court chose to rely solely on the pleadings in rendering a decision. F.R.C.P. 12(d).

read a contract before signing it and will not, as a general rule, be heard to complain of an oral misrepresentation the error of which would have been disclosed by reading the contract. Godfrey v. Bassett and Kurkendall Architects, LTD. v. Huntington Lumber and Supply Co., 584 So.2d 1254 (Miss. 1991). More specifically, insureds who are given copies of an insurance policy cannot rely on an agent's purported representations which are contrary to the express language of the policy. Skinner, 200 F. Supp.2d at 641. See also Norman v. Allstate Ins. Co., 2007 WL 1521066 (S.D. Miss. 2007); Fry v. Souther Farm Bureau Cas. Ins. Co., 915 So.2d 486, 492 (Miss. App. 2005). Accordingly, the defendant's motion is well-taken and should be granted.

IT IS, THEREFORE, ORDERED AND ADJUDGED that defendant Pettinato's Motion to Dismiss [12] is well-taken and should be, and hereby is, GRANTED. IT IS FURTHER ORDERED that Albert E. Pettinato is hereby DISMISSED as a party defendant.

SO ORDERED, this the 23rd day of March, 2010.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE